**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN LITCHARD<br>108 Brookside Street<br>Watsontown, PA 17777<br><br>Plaintiff,<br>v.<br><br>ROADSAFE TRAFFIC SYSTEMS, INC.<br>8750 W Bryn Mawr Avenue<br>Chicago, IL 60631<br><br>Defendant. | : | CIVIL ACTION<br><br><br>No. 4:24-CV-1276<br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by John Litchard ("Plaintiff") against Defendant Roadsafe Traffic Systems, Inc. ("Defendant") for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201 *et. seq*.), the Pennsylvania Minimum Wage Act ("PMWA" - 43 P.S. §§ 333.101—333.115), and the Pennsylvania Wage Payment and Collection Law ("WPCL" - 43 P.S. §§ 260.1 *et. seq*.). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims set forth herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district; and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Middle District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual residing at an address as set forth in the caption.

7. Defendant is a foreign business corporation, duly registered under the laws of the State of Delaware with a principal place of business located at 8750 W Bryn Mawr Avenue, Chicago, IL 60631.

8. Defendant operates four (4) business locations in Pennsylvania, including the branch location at 4594 Paradise Road, Watsontown, PA 17777, whereby it employed Plaintiff as set forth in the caption (the "Watsontown Branch").

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Defendant hired Plaintiff as a flagger on or about July 31, 2023, and promoted him to Lead Technician until his termination on or about March 19, 2024.

12. Throughout his employment with Defendant, Plaintiff was a hardworking employee who performed his job well and was not issued any discipline nor had any performance concerns (until after he engaged in protected activity as discussed *infra*).

13. Plaintiff was a full-time employee working in excess of 40 hours per week for Defendant and earned a pay rate of $17.00 with fringe pay that brought his hourly compensation up to approximately $63.00/hour depending on his assignments.

14. In his role as Technician, Plaintiff set up and managed safety work zones for highway contractors.

15. In or about early March 2024, Defendant unlawfully reduced Plaintiff's hours worked, and failed to pay Plaintiff for all regular and overtime hours worked.

16. Specifically, Plaintiff had worked in excess of sixty (60) hours in a given week but was only paid for twenty-three (23) hours.

17. Plaintiff raised complaints to Jonathan Rider ("Rider") Defendant's Shop Manager who sent repeated emails to Defendant's payroll department alerting them that Plaintiff was not paid properly.

18. Despite Rider's emails, nobody from Defendant's payroll department took any action to remedy their failure to pay Plaintiff for all hours worked.

19. On or about March 18, 2024, Plaintiff made repeated calls to Defendant's payroll department and Rider.

20. In his last phone call to Defendant's payroll department and Rider, Plaintiff advised Defendant that he was calling the Department of Labor ("DOL") to make a complaint for failure to pay him for all hours worked (including his overtime hours).

21. Later that same day after Plaintiff notified Defendant that he was contacting the DOL to make a complaint of unpaid wages and overtime, Defendant's Safety Manager Christian Hoffman ("Hoffman") pulled Plaintiff off the job, almost immediately after Plaintiff started his shift, accused him of using drugs, and sent him for drug screening the following morning.

22. Hoffman instructed Plaintiff to "get all his things" before going to the drug screening. Plaintiff asked Hoffman if he was being terminated, to which Hoffman said he was not.

23. Plaintiff was not using drugs and passed the aforementioned drug screening with flying colors.

24. Obviously looking for any reason to terminate Plaintiff, Defendant then brought Plaintiff back to the Watsontown Branch, and Rider terminated him for alleged "unprofessionalism."

25. To be clear, Plaintiff had not engaged in any sort of unprofessionalism, and Defendant was merely using this allegation as pretext to terminate Plaintiff **just one day** after he informed them he was making a complaint to the Department of Labor about wage theft, unpaid wages, and overtime.

26. Defendant's willful failure to address Plaintiff's payroll concerns, failure to properly pay him for all hours worked including overtime hours constitute, and termination for complaining of the same, constitute violations of the FLSA, the PMWA, and WPCL.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201 *et. seq.*)**
**(Non-payment of overtime compensation & Retaliation)**

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff was not paid time and one half per hour for all hours worked over 40 hours per week.

29. Plaintiff questioned his non-payment of overtime compensation immediately before his termination from employment, expressing concerns about same and notifying Defendant that he was going to file a complaint with the Pennsylvania DOL.

30. Plaintiff is owed unpaid wages and overtime compensation by Defendant, his termination was unlawful and retaliatory, and these actions as aforesaid constitute violations of the FLSA.

31. Plaintiff expressly complained to Defendant's management about non-payment of overtime compensation (primarily toward the end of his tenure with Defendant).

32. Defendant retaliated against Plaintiff by terminating his employment under false and pretextual circumstances.

33. As a result of Defendant's failure to pay Plaintiff the overtime compensation due him, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

34. Any retaliation against Plaintiff for exercising his statutory rights to complain of unpaid overtime was *per se* unlawful. *See Kasten v. Saint-Gobain Performance Plastics Corp*., 563 U.S. 1, 15 (2011) (it is illegal under the FLSA to retaliate against an employee for verbal or written concerns of unpaid overtime compensation).

**COUNT II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Non-payment of overtime compensation)**

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Plaintiff was not paid time and one half per hour for hours worked over 40 hours per week.

37. Plaintiff questioned his non-payment of overtime compensation leading up to his termination from employment expressing concerns about same and notifying Defendant that he was going to file a complaint with the Pennsylvania DOL.

38. Plaintiff is owed unpaid overtime compensation by Defendant, and these actions as aforesaid constitute violations of the PMWA.

**COUNT III**
**Violations of the Pennsylvania Wage Payment and Collection Law ("WPCL")**
**(Non-payment of full wages / Unlawful Wage Retention)**

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. A substantial portion of Plaintiff's wages were illegally withheld and not paid to Plaintiff.

41. Defendant actions as aforesaid constitute unlawful withholding under the PCWL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered unlawful payment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

B. Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: ______________________________

Ari R. Karpf, Esq.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801

Date: July 30, 2024