**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN LITCHARD, | ) | |
| | ) | Civil Action No. 24-1276 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Judge Matthew W. Brann |
| | ) | |
| ROADSAFE TRAFFIC SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant RoadSafe Traffic Systems, Inc. ("Defendant"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff John Litchard ("Plaintiff"). The paragraph numbers in this Answer correspond to the paragraph numbers in Plaintiff's Complaint. All allegations of the Complaint not specifically admitted herein are denied.

## INTRODUCTION[1]

1. Admitted in part; denied in part. Defendant admits only that Plaintiff purports to bring claims against Defendant under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. §§

[1] Defendant uses the same headings as in the Complaint for ease of reference. To the extent that any headings could be interpreted as factual allegations requiring a responsive pleading, Defendant does not admit and expressly denies the same.

333.101-333.115 ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 et seq. ("WPCL"). Defendant denies it violated the FLSA, PMWA, and WPCL or that Plaintiff is entitled to the damages identified in the Complaint.

## JURISDICTION AND VENUE

2. Paragraph 2 contains conclusions of law to which no response is required. To the extent a response is required, Defendant does not contest that this Court has jurisdiction over the allegations in the Complaint.

3. Paragraph 3 contains conclusions of law to which no response is required. To the extent a response is required, Defendant does not contest that this Court has jurisdiction over this Complaint.

4. Paragraph 4 contains conclusions of law to which no response is required. To the extent a response is required, Defendant does not contest venue.

## PARTIES

5. Defendant incorporates by reference Defendant's answers to Paragraphs 1 through 4 as if fully set forth herein.

6. Admitted in part; denied in part. Defendant admits only that Plaintiff is an adult individual. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's address, and therefore Defendant denies that allegation of the Complaint.

7. Admitted. By way of further answer, the full address to Defendant's principal place of business is 8750 W Bryn Mawr Avenue, Suite 400, Chicago, IL 60631.

8. Admitted in part; denied in part. Defendant admits only that Plaintiff was employed at Defendant's Watsontown Branch location and that Defendant operates five business locations in Pennsylvania. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 contains conclusions of law to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff refers to as "all times relevant herein" and therefore, those allegations are denied.

## FACTUAL BACKGROUND

10. Defendant incorporates by reference Defendant's answers to Paragraphs 1 through 9 as if fully set forth herein.

11. Admitted in part; denied in part. It is admitted only that Plaintiff was hired on July 31, 2023, as a Flagger 2 and was subsequently designated as a team lead, a designation Plaintiff maintained until Plaintiff's employment termination.

12. Admitted in part; denied in part. It is admitted only that Plaintiff performed his job adequately and did not receive any discipline prior to Plaintiff's

employment termination. Defendant denies that the discipline that Plaintiff received on March 19, 2024, was in any way related to any protected activity.

13. Admitted in part; denied in part. It is admitted that Plaintiff was a full-time employee earing a regular hourly rate of $17.00 and a different hourly rate for non-shop and non-drive time. It is specifically denied Plaintiff worked in excess of 40 hours per week every week. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Admitted except that Plaintiff's role was Flagger 2.

15. Denied.

16. Admitted in part; denied in part. It is admitted only that for the pay period ending on March 2, 2024, Plaintiff was mistakenly issued a paycheck that was short due to a discrepancy relating to the hours recorded on Plaintiff's paper time sheet and the number of hours Plaintiff actually worked. Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17. Admitted in part; denied in part. Defendant admits only that Plaintiff raised complaints with Branch Manager Jonathan Rider claiming his pay was off. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Denied.

19. Admitted in part; denied in part. Defendant admits only that Plaintiff informed Mr. Rider about the pay discrepancy. Defendant lacks knowledge or

information sufficient to form a belief as to whether Plaintiff made repeated calls to Defendant's payroll department and therefore that allegations is denied.

20. Admitted in part; denied in part. It is admitted only that Plaintiff threatened to call the Department of Labor on Defendant based on payroll issues. Defendant lacks knowledge or information sufficient to form a belief as to when Plaintiff's "last phone call" to Defendant was and therefore that allegations is denied.

21. Admitted in part; denied in part. It is admitted only that Plaintiff threatened to call the Department of Labor on Defendant based on payroll issues, and Defendant's Safety Manager pulled Plaintiff off the job site for a drug screening as a result of reports that Plaintiff was behaving erratically and smelled of marijuana smoke at the job site. It is denied that said drug screening was in anyway related to Plaintiff's threatened report to the Department of Labor.

22. Admitted.

23. Admitted in part; denied in part. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore Defendant denies the allegations in Paragraph 23 of the Complaint. Defendant admits only that Plaintiff passed the drug screening.

24. Admitted in part; denied in part. It is admitted only that Rider terminated Plaintiff for his lack of professionalism at the job site. Defendant specifically denies that Defendant was looking for a reason to terminate Plaintiff.

25. Denied.

26. Denied.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA" – 29 U.S.C. §§ 201 *et. seq.*)**
**(Non-payment of overtime compensation & Retaliation)**

27. Defendant incorporates by reference Defendant's answers to Paragraphs 1 through 26 as if fully set forth herein.

28. Admitted in part; denied in part. Defendant admits only that due to a discrepancy relating to the hours recorded on Plaintiff's paper time sheet and the number of hours Plaintiff actually worked, Defendant attempted to correct this pay discrepancy in Plaintiff's next paycheck (March 15, 2024); however, there was a clerical error, and Plaintiff was not paid an overtime rate for certain hours worked beyond working 40 hours. Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Admitted.

30. Admitted in part; denied in part. Defendant admits only that due to a discrepancy relating to the hours recorded on Plaintiff's paper time sheet and the number of hours Plaintiff actually worked, Defendant attempted to correct this pay

discrepancy in Plaintiff's next paycheck (March 15, 2024); however, there was a clerical error, and Plaintiff was not paid an overtime rate for certain hours worked beyond working 40 hours. Accordingly, Plaintiff is only owed $260.25 in unpaid wages. Defendant specifically denies that Plaintiff's employment termination was unlawful or retaliatory or that it violated the FLSA.

31. Admitted in part; denied in part. Defendant admits only that Plaintiff expressly complained to Rider that his paycheck was incorrect in March 2024. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32. Denied.

33. Denied.

34. Denied.

**COUNT II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**

35. Paragraph 35 of the Complaint is a paragraph of incorporation to which no response is necessary. The responses in Paragraphs 1 through 34 are hereby incorporated by reference as though set forth fully herein.

36. Admitted in part; denied in part. Defendant admits only that due to a discrepancy relating to the hours recorded on Plaintiff's paper time sheet and the number of hours Plaintiff actually worked, Defendant attempted to correct this pay discrepancy in Plaintiff's next paycheck (March 15, 2024); however, there was a clerical error, and Plaintiff was not paid an overtime rate for certain hours worked

beyond working 40 hours. Accordingly, Plaintiff is only owed $260.25 in unpaid wages.

37. Admitted in part; denied in part. Defendant admits only that Plaintiff expressly complained to Rider that his paycheck was incorrect in March 2024 and threatened to call the Department of Labor on Defendant. Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

38. Admitted in part; denied in part. Defendant admits only that due to a discrepancy relating to the hours recorded on Plaintiff's paper time sheet and the number of hours Plaintiff actually worked, Defendant attempted to correct this pay discrepancy in Plaintiff's next paycheck (March 15, 2024); however, there was a clerical error, and Plaintiff was not paid an overtime rate for certain hours worked beyond working 40 hours. Accordingly, Plaintiff is only owed $260.25 in unpaid wages. Defendant denies that it violated the PMWA.

**COUNT III**
**Violations of the Pennsylvania Wage Payment and Collection Law ("WPCL")**

39. Defendant incorporates by reference Defendant's answers to Paragraphs 1 through 38 as if fully set forth herein.

40. Denied.

41. Denied

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered and responded to the averments of Plaintiff's Complaint, Defendant respectfully requests that:

(a) Plaintiff's claims be dismissed, with prejudice, and in their entirety;

(b) Each and every prayer for relief contained in the Complaint be denied;

(c) Judgment be entered in favor of Defendant;

(d) All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiff, pursuant to applicable laws; and

(e) Defendant be granted such other relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendant also reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state facts sufficient to constitute any viable cause of action, or to state a claim, either in whole or in part, upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff fails to state facts sufficient to state a claim upon which relief can be granted as to the damages alleged.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitation.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's employment with Defendant was terminable at will.

**FIFTH AFFIRMATIVE DEFENSE**

Any adverse action to which Plaintiff was subjected was the direct result of Plaintiff's own conduct.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's allegations do not state claims for intentional, willful, malicious, or reckless conduct, or a disregard for the rights of Plaintiff in violation of any federal or state law, and, therefore, Plaintiff is not entitled to punitive, liquidated, or compensatory damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate Plaintiff's alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**

At all material times, any actions taken by Defendant with respect to the terms, conditions, or privileges of Plaintiff's employment were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

**NINTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by Plaintiff's own acts, omissions, or conduct. No action or inaction of Defendant caused Plaintiff harm at any time.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff will not be able to demonstrate that Defendant's legitimate, non-discriminatory business reasons were pretextual.

**ELEVENTH AFFIRMATIVE DEFENSE**

Should Plaintiff prevail, Plaintiff is not entitled to monetary damages, because Plaintiff has not asserted any facts supporting a claim for such damages.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant at all times acted in good faith, reasonably, and in accordance with the law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to liquidated damages because, at all times relevant to this action, Defendant acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor and Pennsylvania Department of Labor and Industry.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff cannot establish that any acts or omissions of Defendant were willful or intentional under any applicable state law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, on the basis of after-acquired evidence related to Plaintiff's employment.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent he seeks injunctive, declaratory, and/or other equitable relief, because Plaintiff has adequate remedies at law and has not suffered irreparable harm as a result of Defendant's allege conduct.

Dated: November 4, 2024

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*/s/ Brandon R. Sher*

Brandon R. Sher
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2840 (Phone)
(215) 995-2801 (Fax)
brandon.sher@ogletree.com

*Attorneys for Defendant*